IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD. FOOR,)
)
    Plaintiff,)
)
  -vs-) Civil Action No. 18-64
)
NANCY A. BERRYHILL,)
ACTING COMMISSIONER OF SOCIAL)
SECURITY,)
)
    Defendant.)

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Edward Foor ("Foor") seeks judicial review of the Social Security Administration's denial of his claims for supplemental security income ("SSI"), for a period of disability and for disability insurance benefits ("DIB").[1] Foor alleges a disability onset date of November 1, 2012. (R. 15) The ALJ denied his claim following a hearing at which both Foor and a vocational expert ("VE") appeared and testified. Foor then appealed. Before the Court are the parties' cross-motions for summary judgment. *See* ECF Docket Nos. 12 and 16. For the reasons set forth below, the ALJ's decision is affirmed.

### Opinion

1. Standard of Review

---

[1] The ALJ determined that Foor met the insured status requirements of the Social Security Act through March 31, 2014. (R. 18)

1

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g)6 and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa.

1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

As stated above, the ALJ denied Foor's claim for benefits. More specifically, at step one of the five step analysis, the ALJ found that Foor had not engaged in substantial gainful activity since the application date. (R. 18) At step two, the ALJ concluded that Foor suffers from the following severe impairments: status post lumbar surgery three times, status post cervical fusion surgery, tobacco abuse, obesity, hepatitis C, hypertension, narcotic drug overdose episodes two times, history alcohol abuse disorder in remission, heroin use disorder in remission, anxiety and recurrent major depressive disorder, long term opioid analgesic, post-laminectomy syndrome, failed-back syndrome, lumbar spinal stenosis, intermittent explosive disorder, marijuana use disorder in remission, PTSD, and panic disorder. (R. 18) At step three, the ALJ concluded that Foor does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18) Between steps three and four, the ALJ found that Foor has the residual functional capacity ("RFC") to perform sedentary work with certain restrictions.

(R. 20-24) At step four, the ALJ found that Foor is unable to perform his past relevant work. (R. 24-25) Ultimately, at the fifth step of the analysis, the ALJ concluded that, considering Foor's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (R. 25-26)

   III. Discussion

As stated above, in formulating Foor's residual functional capacity, the ALJ concluded that, with certain restrictions, he was able to perform sedentary work. (R. 20) In arriving at this conclusion, the ALJ gave "some weight" to the opinion offered by Dr. Johnson, Foor's pain management specialist. (R. 23-24) He gave "little weight" to the opinion proffered by Dr. Schmuckler, Foor's treating physician. (R. 24) Similarly, he gave "little weight" to the opinion offered by psychiatrist Dr. Bermudez. (R. 24) Foor takes exception to the ALJ's conclusion in each of these respects.

The amount of weight to be accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 404.1527(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.*, § 404.1527(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only when an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's]

impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* Unless a treating physician's opinion is given controlling weight, the ALJ must consider all relevant factors that tend to support or contradict any medical opinions of record, including the patient / physician relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and the specialization of the provider at issue. *Id.*, § 404.1527(c)(1)-(6). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.*, § 404.1527(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000), *quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, "where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § [404.1527]([c])(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Soc. Sec. Admin.*, 403 Fed. Appx. 679, 686 (3d Cir. 2010). The ultimate issue of whether an individual is disabled within the meaning of the Act is for the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." *See* 20 C.F.R. § 404.1527(d)(1), (3); *Dixon v. Comm'r. of Soc. Sec.*, 183 Fed. Appx. 248, 251-

5

52 (3d Cir. 2006) ("[O]pinions on disability are not medical opinions and are not given any special significance.").

Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation of his final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r. of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008).

In this case, Foor spends a significant portion of his brief describing how the medical evidence supports his physicians' opinions and thus his claim for disability. The standard, however, is not whether there is evidence to establish the claimant's position, but, rather, is whether there is substantial evidence to support the ALJ's findings. *See Allen v. Bowen*, 881 37, 39 (3d Cir. 1989). As courts have explained:

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding … Substantial evidence could support both Plaintiff's claims and the ALJ's finding because substantial evidence is less than a preponderance. *Jesurum v. Sec'y. of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995) (*citing, Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003).

*Hundley v. Colvin*, Civ. No. 16-153, 2016 WL 6647913, at * 2 (W.D. Pa. Nov. 10, 2016). Thus, Foor's argument in this regard is misplaced.

To the extent that Foor argues that substantial evidence does not support the ALJ's decision to assign little weight to Johnson's, Schmuckler's and Bermudez's opinions, I disagree. As stated above, an ALJ is not required to accept a treating provider's opinion uncritically. Rather, the ALJ must weigh all of the record evidence as set forth above. In the case at hand, the ALJ did exactly that. As shown more fully below, the ALJ reviewed in detail all of the evidence and then properly assigned appropriate weight to the opinion evidence, including the opinions of Foor's treating providers.

(a) Dr. Johnson

Dr. Johnson completed a Medical Source Statement dated December 23, 2015, in which he opined that, in an eight-hour workday, Foor could stand / walk four hours; sit four hours; occasionally lift between 11-20 pounds; and use his hands for simple grasping, pushing / pulling, and fine manipulation. (R. 895) Johnson also concluded that Foor would be able to bend, squat, crawl, and climb "occasionally." (R. 896) Given all of these limitations, he found that Foor would not be able to function, because of his medical condition, on a daily basis, eight-hours a day. He also anticipated that Foor would experience "significant exacerbation" of his symptoms 5-10 days per month which could prevent him from leaving his home. (R. 896)

The ALJ "gave great weight to the specific functional limitations opined to in the statement" explaining that he did so because "they are consistent with treatment findings." (R. 24) However, the ALJ declined to give great weight to Johnson's conclusion that that Foor's pain condition rendered him "unable to carry out day-to-day activity in any reliable manner to allow employment." (R. 24) The ALJ explained that an

7

opinion on whether an individual is disabled relates to an issue reserved to the Commissioner and, as such, is not entitled to any deference. As stated above, this is an appropriate basis for discounting an opinion. *See* 20 C.F.R. § 404.1527(d)(1), (3); *Dixon v. Comm'r. of Soc. Sec.*, 183 Fed. Appx. 248, 251-52 (3d Cir. 2006) ("[O]pinions on disability are not medical opinions and are not given any special significance."). The ALJ further explained that he discounted Johnson's opinion because the evidence does not support a finding that Foor is limited to this degree and that "recent evidence indicates improvement in his pain with the Dilaudid pump, which is not accounted for in this opinion." Again, these are appropriate bases for discounting opinion evidence. *See Goldberg v. Colvin*, Civ. No. 13-06055, 2015 WL 1138021, at * 10 (D.N.J. Mar. 13, 2015) (stating that an ALJ may reject a treating physician's opinion if it is inconsistent with the physician's treatment notes or due to a lack of supporting evidence) Further, substantial evidence supports the ALJ's finding in this regard. (R. 21, 1391, 1467) In short, the ALJ has sufficiently explained his decision, that decision is in accordance with the law and is supported by substantial evidence of record. The Court cannot reweigh the evidence. As such, there is no basis for remand.

    (b) Dr. Schmuckler

    Dr. Schmuckler, Foor's primary care physician, also provided a Medical Source Statement. Schmuckler opined that, in an eight-hour workday, Foor could stand / walk two hours and could sit for two hours. (R. 923) He further stated that Foor could occasionally lift up to 5 pounds and that he could use his hands on a repetitive basis for simple grasping, pushing and pulling, and fine manipulation. (R. 923) He represented that Foor could not use his foot in a repetitive manner to operate foot controls, but that

8

he could occasionally bend and crawl, but could never squat or climb. (R. 924) Schmuckler opined that Foor would not be able to function because of his medical condition, on a daily basis, eight-hours a day. He also anticipated that Foor would experience "significant exacerbation" of his symptoms, on at least 15 days per month which could prevent him from leaving his home. (R. 924) Schmuckler explained that Foor's back pain is "so debilitating" that he cannot remain in one position for any length in time without lengthy breaks and that the pain is so distracting as to prevent him from being able to perform complex tasks. (R. 925) Schmuckler added that Foor's depression is so severe as to frequently prevent him from getting out of bed; that his PTSD makes him anxious around people and disturbs his concentration. (R. 925)

The ALJ gave little weight to Schmuckler's opinion, finding the functional limitations to be inconsistent with the medical evidence. Again, as stated above, inconsistency and lack of support are valid and acceptable factors in weighing opinion evidence. *See* 20 C.F.R. § 404.1527. Further, substantial evidence supports his decision in this regard. For instance, Schmuckler's opinion was at odds with the opinion proffered by Dr. Fox, the state agency physician, who concluded that Foor could perform light work with certain restrictions. (R. 77-78) The ALJ gave great weight to that opinion. (R. 23) Further, as the ALJ observed, like Johnson, Schmuckler's opinion did not account for Foor's use of the Dilaudid pump. (R. 24) For all of these reasons, I find that the ALJ properly discounted Dr. Schmuckler's opinion.

(c) Dr. Bermudez

Dr. Bermudez, Foor's treating psychiatrist, completed a Mental Status Questionnaire in March of 2017. (R. 1475-1478) She described Foor's functional

9

limitations arising from his conditions as "marked" with respect to activities of daily living and social functioning and "extreme" with respect to concentration, persistence and task completion. (R. 1476-77) Bermudez explained that Foor presents with severe depression alternating with irritability and lack of sleep with rapid speech. (R. 1478) She opined that he has poor coping skills, is easily overwhelmed, has difficulty following simple directions, and often suffers panic attacks. (R. 1478) The ALJ gave little weight to Bermudez's opinion, finding it inconsistent with the treatment records. (R. 24) The ALJ also noted that Foor's psychiatric treatment has been conservative and that there has been no history of inpatient treatment which is also inconsistent with the severity of limitations Bermudez indicated. (R. 24) These are appropriate bases for discounting opinions. *See Goldberg v. Colvin*, Civ. No., 13-06055, 2015 WL 1138021, at * 10 (D.N.J. Mar. 13, 2015) (an ALJ may reject a treating physician's opinion if it is inconsistent with treatment notes) and *Moore v. Colvin*, 239 F. Supp.3d 845, 859 (D. Del. (2017) (conservative and routine treatment history is an appropriate basis for discounting a physician's opinion). Moreover, substantial evidence supports the ALJ's findings in these respects. For instance, as the ALJ observed, Bermudez found that Foor had "goal directed thought processes, rational thought content, no evidence of psychosis, suicidal, or homicidal ideations, good insight, and intact judgment." (R. 24, *citing* Ex. 46F at 2) Bermudez also recorded Foor as having fair hygiene, relaxed motor activity, cooperative interpersonal skills, a normal affect, attention span, thought process and speech, no evidence of delusions or hallucinations, and intact insight and judgment. (R. 1481) Further, Bermudez noted medications prescribed for Foor's treatment, but the record is devoid of any indication that Foor was ever hospitalized for inpatient treatment.

10

In sum, the ALJ's decision was supported by substantial evidence of record and was made in accordance with the law. As such, there is no basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD FOOR | ) | |
|     Plaintiff, | ) | |
| | ) | |
|  -vs- | ) | Civil Action No. 18-64 |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| ACTING COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
|     Defendant. | ) | |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 21st day of March, 2019, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 12) is DENIED and the Defendant's Motion for Summary Judgment (Docket No. 16) is GRANTED. It is further ORDERED that the ALJ's decision is AFFIRMED. This case shall be marked "Closed" forthwith.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge
